**WO** NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VFS Leasing Company, | No. CV-17-03240-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Universal Investments Group LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Entry of Default Judgment (Doc. 36). According to Plaintiff's filed certificates of service, Defendants Universal Investments Group, LLC; JMR Express, LLC; and SHG Universal, LLC have each been served with summons and a copy of the Complaint in this matter. (Docs. 14, 15, 17.) None of the three named Defendants have answered or otherwise appeared.

Plaintiff filed an Application for Entry of Default against the three named Defendants (Docs. 22, 23, 24) and on November 20, 2017, the Clerk entered default in accordance with Federal Rules of Civil Procedure, Rule 55(a), against Defendants Universal Investments Group, LLC; JMR Express, LLC, and SHG Universal, LLC[1] (Doc. 26).

---

[1] Plaintiff had also filed an Application for Entry of Default as to Defendant Edy Bujanda (Doc. 21). Defendant Bujanda was named in the Clerk's Entry of Default (Doc. 26). However, the Court vacated the entry of default as to Bujanda at the Scheduling Conference on February 28, 2018 (Doc. 43).

On January 19, 2018, Plaintiff filed a Motion for Entry of Default Judgment as to Defendants Universal Investments Group, LLC; JMR Express, LLC; and SHG Universal, LLC (Doc. 36) and as of the February 28, 2016 Scheduling Conference, no opposition was filed by the named Defendants.

The Court has reviewed and considered Plaintiff's Motion for Entry of Default Judgment (Doc. 36) and the Affidavit of Phil Bain submitted in support thereof (Doc. 36-1) and determined that Plaintiff's claim against Defendants Universal Investments Group, LLC; JMR Express, LLC; and SHG Universal, LLC is for a sum certain in the amount of $185,066.79. Plaintiff will thus be entitled to default judgment against these Defendants under Rule 55(b)(1). However, two other Defendants have appeared in this matter, so the disposition of Plaintiff's claims against the three named Defendants does not end this action and any judgment at this stage of the litigation would only be partial. Absent a showing under Rule 54(b) that there is no just reason for delay for entry of judgment against the three named Defendants, the Court must decline to enter partial judgment at this time.

The Court has also determined Plaintiff is the successful party against the three named Defendants and thus entitled to recovery of its attorneys' fees and costs incurred in accordance with A.R.S. §§ 12-341 and 12-341.01. Although Plaintiff's Affidavit in support of its Motion for Default Judgment included the computation of the sum certain damages, neither the Affidavit nor Plaintiff's Motion addressed the amount of attorneys' fees Plaintiff contends it is entitled to, and the filed Form of Order (Doc. 36-2) also did not include an award of attorneys' fees.[2] Plaintiff must substantiate any attorneys' fees award before it can be included in a judgment.

. . . .

. . . .

---

[2] Upon the Court's request at the Scheduling Conference (Doc. 43) that Plaintiff provide the Court with a proposed Form of Order in Word format, Plaintiff e-mailed a proposed Form of Order to the Court that did include an attorneys' fees award. However, Plaintiff has never substantiated that amount by affidavit or otherwise, so the Court cannot include it in any judgment at this time.

IT IS THEREFORE ORDERED denying Plaintiff's Motion for Entry of Default Judgment (Doc. 36) without prejudice.

Dated this 20th day of March, 2018.

Honorable John J. Tuchi
United States District Judge